James S. Hong (CA SBN 141567)
3600 Wilshire Blvd. #2214
Los Angeles, CA 90010
Phone: 213) 480-7711
Fax: 213) 480-0178
Email: immig@jameshonglaw.com

Attorney for Plaintiff, Hye Min Kim

# UNITED STATE DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Hye Min Kim, an individual | ) |
| Plaintiff(s), | ) |
| | ) Case No.: |
| v. | ) |
| | ) **COMPLAINT FOR DECLARATORY** |
| | ) **AND INJUNCTIVE RELIEF** |
| United States Department of Homeland Security; U.S. Citizenship and Immigration Services; Irene Martin, Los Angeles Field Office Director of USCIS. | ) |
| Defendant(s). | ) |

- 1 -
COMPLAINT

# INTRODUCTION

1. Plaintiff, Ms. Hye Min Kim, is the beneficiary of an approved Form I-130, Petition for Alien Relative, filed by her United States citizen husband, Mr. Chong Yom Kim. Mr. Kim filed Form I-130 on July 3, 2018 and Ms. Kim filed Form I-485, Application to Register Permanent Residence or Adjust Status concurrently. Ms. Kim sought to adjust status under 8 U.S.C. § 1255(a), as an immediate relative of a United States citizen who was inspected and admitted into the United States. The I-130 petition was approved on August 20, 2019.

2. Ms. Kim has complied with all statutory and regulatory requirements for adjustment of status. However, Defendants acted arbitrarily and committed legal error in imputing fraud committed by the owner of Prodee University/Neo-America Language School, Walter Jay M.D. Institute, and Educational Center (WJMD), American College of Forensic Studies (ACFS), and Likie Fashion and Technology College, to Ms. Kim. USCIS issued a final decision denying Ms. Kim's application for adjustment of status on February 22, 2024.

3. Defendants' denial of Ms. Kim's application for adjustment of status was arbitrary, contrary to relevant statute and regulations, and in violation of the Administrative Procedures Act (APA). Accordingly, Plaintiff seeks relief under the APA and the Mandamus Act and requests that this Court set aside Defendants' unlawful denial and compel USCIS to adjudicate her application for adjustment of status on the merits, in accordance with law and regulation.

# PARTIES

4. Kim is a nonimmigrant alien, South Korean national, seeking to adjust her status to a lawful permanent resident through her marriage to U.S. Citizen spouse. She lives in Los Angeles, California.

5. Defendant Department of Homeland Security is a federal agency responsible for the administration and enforcement of the immigration and naturalization laws of the United States.

6. Defendant U.S. Citizenship and Immigration Services is a federal agency that is part of DHS. USCIS is responsible for administration and implementation of the immigration and naturalization laws of the United States, including the adjudication of applications for adjustment of status.

7. Defendant Irene Martin is the Director of USCIS Los Angeles Field Office and is responsible for the adjudication of the applications for adjustment of status filed by Plaintiff Kim. Irene Martin is sued in her official capacity as the Field Office Director of the Los Angeles Field Office, the office of USCIS that adjudicates applications filed by individuals living in Los Angeles area.

# JURISDICTION AND VENUE

8. Jurisdiction is proper under 28 U.S.C. §§ 1331 (Federal Question), 1361 (Mandamus Act), 1651 (All Writs Act), 2201 et seq. (Declaratory Judgment), and 5 U.S.C. § 701 et seq. (APA)

9. Venue is proper in the Central District of California under 28 U.S.C. § 1391(e)(1)(C), because this action is brought against officers of the United States in their official capacities in the District where Plaintiff resides.

**IRREPARABLE INJURY**

10. Kim will suffer irreparable injury if her application for adjustment of status is not approved and she is not allowed to live in the United States.

**EXHAUSTION OF REMEMDIES**

11. Kim is not required to exhaust any administrative remedies prior to bringing this action under the Immigration & Nationality Act ("INA"), the APA, or for a writ of mandamus.

12. USCIS does not provide any effective administrative mechanisms to address its erroneous adjudication.

**FACTUAL ALLEGATIONS**

**Kim's Immigration History**

13. Kim was born in South Korea on May 7, 1986. On September 3, 2008, Kim entered the United States on a B-2 visitor visa.

14. On February 9, 2009, Kim filed Form I-539, Application to Extend/Change Nonimmigrant Status to change her nonimmigrant status from B-2 visitor to F-1 student. On April 2, 2009, the said Form I-539 was approved and Kim's nonimmigrant status was changed from B-2 to F-1.

15. Thereafter, Kim first enrolled in Columbia West College in January 2009. She attended Columbia West College until May 2012.

16. In May 2012, Kim transferred to American College of Forensic Studies ("ACFS"). She attended ACFS until July 2013.

17. Subsequently, Kim transferred to Prodee University in July 2013. She attended Prodee University until March 2015.

18. In March 2015, Kim transferred to Dongguk University Los Angeles, where she attended until December 2017.

**ACFS/Prodee University and Immigration Fraud Scheme**

18. In March 2015, ACFS/Prodee University were forced to close their operations due to its involvement in the "pay-to-stay" immigration fraud scheme of Prodee/Neo-America network schools.

19. Unbeknownst to Kim, Prodee/Neo-America network, which ACFS and Prodee University were part of, was run by Hee Sun Shim, the owner of the said network. The schools owned by Shim allowed foreign students to enroll at Prodee/Neo-America network while fully knowing that they had no intention of actually attending.

20. On March 9, 2015, Shim and two other conspirators were indicted on twenty-one (21) different charges. On February 9, 2017, Hee Sun Shim (aka Leonard Shim and Leo Shim) pleaded guilty to conspiracy and immigration document fraud in relation to his ownership and management of four schools, including Prodee

University/Neo-America Language School, Walter Jay M.D. Institute, an Educational Center (WJMD), the American College of Forensic Studies (ACFS), and Likie Fashion and Technology College.

21. ACFS had also been approved by the U.S. Immigration and Customs Enforcement's ("ICE's") Student and Exchange Visitor Program and had been entered into its Student and Exchange Visitor Information System. Because ICE had authorized ACFS to enroll students in F-1 status, Kim had no reason to be aware of the school's participation in the fraudulent scheme.

**Kim's Form I-485, Application to Register Permanent Residence or Adjust Status**

22. On July 3, 2018, Ms. Kim concurrently filed Form I-485, Application to Register Permanent Residence or Adjust Status and Form I-130, Petition for Alien Relative with USCIS. Ms. Kim sought to adjust status under 8 U.S.C. § 1255(a), as the immediate relative of a United States citizen, and who was inspected and admitted into the United States.

23. On July 15, 2019, Ms. Kim attended an adjustment of status interview with USCIS. During that interview, she reviewed her application for adjustment of status with an immigration officer and provided testimony in support of her application. She also provided a sworn statement under the penalty of perjury. She provided a detailed description of her F-1 student maintenance throughout the years including the attendance at ACFS and Prodee University.

24.     On April 22, 2022, USCIS issued a Notice of Intent to Deny ("NOID") alleging that Ms. Kim was inadmissible to the United States under INA § 212(a)(6)(C)(i) for fraud or willful misrepresentation of a material fact. The NOID stated that it was due to her attendance at ACFS and Prodee University. <u>EXHIBIT A</u>, USCIS NOID 04.22.2022.

25.     Ms. Kim timely responded to the NOID on July 19, 2022. Along with her response, Kim submitted 1) her declaration with pictures taken at Prodee University with her classmates and instructor, Alex Molini, 2) copy of fall quarter class schedule and academic calendar for 2013 at ACFS, 3) copy of academic calendar at Prodee University for 2014, 4) photographs of white board of instructor's notes during class at Prodee University; 5) copies of handwritten notes and textbooks she used while at ACFS/Prodee University and 6) her sworn statement made during the I-485 interview. <u>EXHIBIT B</u>.

26.     On February 22, 2024, USCIS issued a decision letter denying Kim's Form I-485 application.  USCIS denied the application, alleging that Ms. Kim had obtained, or sought to obtain, a benefit under the INA by fraud or willfully misrepresenting a material fact. USCIS alleged that the factual basis for the fraud or willful misrepresentation finding was based upon a system check regarding Prodee University, which revealed that Leonard Shim pleaded guilty to conspiracy and immigration document fraud, where Prodee University issued immigration documents such as, but not limited to, Form I-20, to foreign nationals.  <u>EXHIBIT C</u>.

27. Based upon that information, USCIS imputed Mr. Shim's fraud to Ms. Kim and presumed that any evidence of her attendance at Prodee University must be fraudulent.

28. USCIS Policy Manual Volume 8, Part J provides elements for fraud as follow:

• The person procured, or sought to procure, a benefit under U.S. immigration laws;

• The person made a false representation;

• The false representation was willfully made;

• The false representation was material;

• The false representation was made to a U.S. government official, generally an immigration or consular officer;

• The false representation was made with the intent to deceive a U.S. government official authorized to act upon the request (generally an immigration or consular officer); and

• The U.S. government official believed and acted upon the false representation by granting the benefit.

29. Similarly, inadmissibility based on willful misrepresentation requires a finding that a person willfully misrepresented a material fact. INA §212(a)(6)(C)(i). For a person to be inadmissible, the officer must find all of the following elements (8 USCIS-PM J.2):

• The person procured, or sought to procure, a benefit under U.S. immigration laws;

• The person made a false representation;

• The false representation was willfully made;

• The false representation was material; and

• The false representation was made to a U.S. government official, generally an immigration or consular office.

30. In order to find the aforementioned elements, the officer must present at least some evidence that would permit a reasonable person to find that applicant committed fraud or willful misrepresentation in an attempt to obtain a visa or an immigration benefit. If there is no evidence on applicant's fraud or willful misrepresentation (i.e., the officer failed to present evidence on each and every legal element), the Service must find applicant has met his burden of proving that he is not inadmissible under this ground, and the finding of fraud or willful misrepresentation should be reversed.

31. The manual also acknowledges that fraud and willful misrepresentation "must be intentional acts," and if not, it may shield a minor from being found inadmissible. USCIS's Policy Manual, Volume 8, Part J, Chapter 3, Section 5 provides: Both fraud and willful misrepresentation must be intentional acts. There may be cases in which the officer finds that a person, because of mental incompetence or young age, was incapable of independently forming an intent to defraud or misrepresent. In these

cases, a person's inability to commit intentional acts precludes a finding of inadmissibility for fraud or willful misrepresentation since the person could not have acted "willfully."

32. However, in USCIS decision, the agency reasoned that although Ms. Kim submitted a Form I-20, along with all available records to confirm her attendance, and testimony that she transferred to a new school prior to completing the program, that the evidence did not overcome the allegation that there was no record of her attendance such as transcripts, a diploma, or certificate of completion. The USCIS denied the application because she was a student of fraudulent schools without providing evidence that would permit a reasonable person to find that the Applicant committed fraud or willful misrepresentation.

## CLAIMS FOR RELIEF

### First Claim

### Abuse of Discretion in Violation of the Administrative Procedure Act

33. All of the foregoing allegations are repeated and re-alleged as though fully set forth herein.

34. A district court reviewing agency action may "hold unlawful and set aside agency action, findings, and conclusions found to be (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (D) without

observance of procedure required by law; (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court." 5 U.S. Code § 706(2).

35. Defendants have rendered an arbitrary, capricious decision based on an abuse of discretion that is not in accordance with law. The allegation that Kim committed fraud or willful misrepresentation of a material fact is unwarranted by the facts on record.

36. As a result of Defendant's actions and omissions, Kim has suffered and continues to suffer injury.

## Second Claim

## Writ of Mandamus (28 U.S.C. § 1361)

37. All of the foregoing allegations are repeated and re-alleged as though fully set forth herein.

38. Defendants have a ministerial duty to Kim to not abuse their discretion. Defendant have failed in that duty by abusing their discretion to arbitrarily determine Kim committed fraud or willful misrepresentation of a material fact.

39. Kim has no adequate remedy at law for Defendant's abuse of its discretion on her adjustment application.

40. The Court should grant relief in the form of a writ of mandamus compelling Defendants to re-adjudicate Kim's application and correct their abuse of discretion.

## **PRAYER FOR RELIEF**

Plaintiff asks this Court to grant the following relief:

1. Assume jurisdiction over this matter and review USCIS' decision to deny the application for adjustment of status filed by Kim;

2. Declare unlawful and set aside the DHS decisions denying Ms. Kim's application for adjustment of status;

3. Instruct DHS to remand this matter to USCIS with instructions to re-adjudicate Ms. Kim's application for adjustment of status in accordance with the law;

4. Award reasonable costs and attorneys' fees; and

5. Grant such further relief as the Court deems just and proper.

## **TABLE OF EXHIBITS**

In support of this Complaint, the following documents are submitted as Exhibits:

| | | |
|---|---|---|
| EXHIBIT 1 | USCIS' NOTICE OF INTENT TO DENY | 1-2 |
| EXHIBIT 2 | KIM'S RESPONSE TO NOTICE OF INTENT TO DENY WITH EXHIBITS | 3-217 |
| EXHIBIT 3 | USCIS DENIAL DECISION OF I-485 | 218-221 |

DATED: May 24, 2024

Respectfully submitted,

Law Offices of James S. Hong

  **/S/ James S. Hong**

JAMES S. HONG

Counsel for Plaintiff